**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBORAH DUMAS and CONNIE WHITE,<br><br>             Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; et al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>) Case Number CIV-06-405-C<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Motion to Compel Conclusion of Randy Wunder's Deposition, filed by Plaintiffs. Defendants timely filed a response. In addition, the litigants are in compliance with Fed. R. Civ. P. 37(a)(2)(B) and LCvR37.1; therefore, the motion is ripe for disposition. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS** Plaintiffs' motion.

Plaintiffs originally filed their action in state court. During discovery, Plaintiffs deposed Allstate Insurance Company's adjuster, Randy Wunder (Wunder), now employed elsewhere, on February 8, 2006, for approximately ten hours until counsel for Defendants requested closure. The litigants subsequently agreed to conclude Wunder's deposition on March 15, 2006, a time beyond the discovery deadline originally established by the state court. (See Defs.' Notice of Removal, Dkt. No. 1, Ex. 1-79, at Exs. 2, 5, 7.)

The litigants appeared in state court on March 1, 2006, for pretrial conference and advised the court that discovery was not complete. As a result, the state court continued the pretrial conference until May 31, 2006. The litigants were in disagreement with regard to the extent of the continuance—Plaintiffs believed that it extended the deadline for all discovery, while Defendants believed that it did not extend the deadline for "written" discovery. In light of this disagreement, Plaintiffs cancelled all remaining depositions by either party in this action until the state court clarified its extension. On April 3, 2006, the state court sustained Plaintiffs' motion for clarification holding that the court continued the pretrial conference in order for the litigants to complete any and all discovery before May 31, 2006. (Defs.' Notice of Removal, Ex. 1-82.) The state court issued its clarification after Plaintiffs filed the instant motion but prior to both Defendants' removal of the action to federal court and to Defendants' filing their response to Plaintiffs' motion to compel.

Exhibits submitted to the Court establish that counsel for the litigants encountered further discovery disagreements in both this action and an unrelated action. As a result, counsel for the litigants hardened their positions with regard to the continuance of Wunder's deposition in the instant action and are now at an impasse. Plaintiffs seek to continue Wunder's deposition due to his importance in this action and the volume of information contained in the overly-large claim file which contains approximately 1,200 pages. Plaintiffs state that they can complete Wunder's deposition in two hours. Defendants argue that Plaintiffs already have exceeded the federal time limit for depositions, and that to continue

Wunder's deposition would result in unnecessary financial hardship on him as he is paid hourly.

The Court finds that Plaintiffs should be allowed to complete Wunder's deposition given Wunder was Defendants' adjuster on Plaintiffs' claim during the underlying events, the size of the claim file, and the litigants' previous agreement to continue the deposition. Defendants' federal time limit argument is not well taken given that defense counsel impliedly stipulated to the initial ten-hour deposition by failing to end the deposition after seven hours, see Fed. R. Civ. P. 30(d)(2), and that defense counsel initially agreed to continue Wunder's deposition before the instant dispute arose. The Court, however, is mindful of the financial hardship the continued deposition would impose upon Wunder. Therefore, Plaintiffs' continued deposition of Wunder must be completed prior to May 31, 2006, may not exceed two hours in length, and, if possible, should be scheduled on a day and time not in conflict with his current work schedule.

Counsel for both litigants have exhibited errors in judgment during the discovery process. Plaintiffs' counsel failed to realize that the litigants' private agreement to continue Wunder's deposition after the first discovery deadline is separate from any pretrial conference extension, see, e.g., Fed. R. Civ. P. 29; 12 Okla. Stat. 3229, thus leading Plaintiffs to erroneously cancel all remaining depositions. Defendants' counsel should not have continued to object to the completion of Wunder's deposition in light of the state court's clarification allowing all discovery to continue and the litigants' previous agreement. Last, counsel for both litigants erred by allowing their conduct in a separate and unrelated case to

unduly impede discovery in the instant action.  Because the fault appears equitably divided, an award of reasonable expenses incurred would be imprudent.  <u>See</u> Rule 37(a)(4)(C).

Plaintiffs' Motion to Compel Conclusion of Randy Wunder's Deposition, originally filed in state court, is **GRANTED**.  Plaintiffs may continue Wunder's deposition subject to the restrictions delimited above.  The litigants are to bear their own expenses and fees incurred in relation to this motion.

IT IS SO ORDERED this 9th day of May, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge